PETTY, J.,
concurring.
I concur in all but section III.A of the majority’s opinion. I decline to join section III.A because I believe it is unnecessary *374 to analyze the trial court’s December 1, 2009 findings in this case.
As we observed in father’s parallel case, “consistent with the United States Supreme Court’s decision in Santosky v. Kramer, 455 U.S. 745, 747-48 [102 S.Ct. 1388, 1391-92, 71 L.Ed.2d 599] (1982), the Department needed to prove each of its allegations supporting termination of parental rights by clear and convincing evidence.” Farrell v. Warren Cnty. Dep’t of Soc. Servs., 59 Va.App. 375, 403, 719 S.E.2d 329, 343 (2012). Accordingly, in father’s case, we found that the trial court’s findings in its termination decision-as distinct from its prior abused or neglected determination on December 1, 2009—“did indeed indicate that it held the Department to that higher standard; and the Department satisfied that burden.” Id. As we further noted, the trial court expressly stated in its final termination orders for E. and W. that it found by clear and convincing evidence that E. and W. were “in danger of death, disfigurement or impairment of bodily or mental functions at the hands of [their] parents by reason of the abuse and neglect of [their] sibling, [A.].” See id. Since this satisfies the definition of an “abused or neglected child” under Code § 16.1-228, this finding is the finding that properly supports the trial court’s ultimate decision to terminate mother’s residual parental rights. Any prior finding under a lesser burden of proof is consequently irrelevant to an evaluation of the trial court’s termination decision. Thus, because mother’s first assignment of error concerns such a prior, legally irrelevant finding of the trial court, I would not address it.